UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CONE FINANCIAL GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 7:09-CV-00118-HL |
| ) | |
| EMPLOYERS INSURANCE CO. OF ) | |
| WAUSAU ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### CONSENT ORDER OF CONFIDENTIALITY

The Court orders as follows:

**1.** " **CONFIDENTIAL MATERIAL.**" As used in this Consent of Confidentiality, the term "Confidential Material" refers to any material produced by Zurich American Insurance Co. ("Zurich") in response subpoenas to produce documents, which Zurich reasonably and in good faith believes contains or discloses the following:

    a. confidential research, development, or commercial information, including but not limited to sensitive financial data;

    b. technical information, trade secrets, proprietary or sensitive nonpublic commercial information;

1

    c. information involving privacy interests of parties or third parties;

    d. other commercially and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis.

Discovery material may be so designated by stamping "CONFIDENTIAL" each such document or by using such other procedures as may be agreed upon in writing by Zurich and the parties.

  If any party believes that some document or portion of a document is not properly designated as "Confidential," said party may challenge this The challenging party shall make a written request upon Zurich to provide a written explanation as to the basis for the claim of confidentiality. Zurich shall provide such written explanation within ten (10) business days of the date of the request. Once said explanation is received, any other party to this Order may challenge the confidential designation by motion made to the above-referenced Court. Any information or document challenged in this manner shall remain confidential until the issue of the claimed confidentiality is resolved by the Court.

  **2. ACCESS TO CONFIDENTIAL MATERIAL.** Access to Confidential Material shall be limited to authorized persons in the performance of their duties in connection with trial preparation in this case. Authorized persons include:

  a. i. Counsel of record for the respective parties to this civil action;

   ii. Paralegal, secretarial, administrative, and legal personnel working under the direction and control of those counsel of record;

 b. The parties, parties' representatives, and fact witnesses to civil action who have consented to this Consent Order of Confidentiality and signed the Promise of Confidentiality;

 c. Outside experts and consultants retained in good faith by counsel of record who have first consented to this Consent Order of Confidentiality and signed the Promise of Confidentiality and agree in writing to be bound by its terms; and

 d. Further access may be agreed to by Zurich documented in writing or requested by any party by motion filed with this Court (and served upon Zurich) and approved by this Court.

**3.** **ATTORNEYS' EYES ONLY INFORMATION.** Subject to provisions of Paragraph 1, with respect to discovery material that constitutes or includes underwriting information, commercially and/or competitively sensitive information, or confidential research and/or trade secrets, Zurich may designate such material in good faith as "Attorney's Eyes Only." Discovery be so designated by stamping "ATTORNEY'S EYES ONLY" on

document or by using such other procedures as may be agreed upon in writing by the parties and Zurich. All documents or things designated as "Attorney's Only" are included within the meaning of "Confidential Material" as used Order, and all provisions apply to such information. Subject to the provisions of Paragraph 1, documents designated as "Attorney's Eyes Only" shall be shown, disclosed, made available, or communicated only to persons within the coverage of Paragraphs 2(a) and 2(c). Documents designated "Attorney's Only" shall not be disclosed to persons within the coverage of Paragraph 2(b). The designation of a document or portion of a document as "Attorney's Eyes may be challenged in the same manner as "Confidential" designations pursuant Paragraph 1.

    Failure to designate materials as "Confidential" or "Attorney's at the time of production may be remedied by supplemental written notice, and upon receiving such written notice, all parties in possession of such materials shall thereafter treat the designated materials in accordance with the terms of this Order. If a party receives from any source, or reviews, Zurich's documents prior Zurich's designation of such documents as Confidential Material, Zurich's designation of such documents as "Confidential" or "Attorney's Eyes govern, and thereafter all parties in possession of such designated materials shall treat the materials in accordance with the terms of this Order.

**4.     PROMISE OF CONFIDENTIALITY.**  Each authorized person who receives access to any Confidential Material shall first be given a copy of this Consent Order of Confidentiality and advised by the trial counsel making the disclosure that such person must not divulge any Confidential Material to any other person except for the purpose of the preparation or trial of this lawsuit, and that such disclosure is limited to authorized persons.  A Promise of Confidentiality is attached as Exhibit A.  This promise must be signed by each authorized person receiving any Confidential Material in advance of receipt.  The signed original of each such promise shall be maintained by the disclosing counsel.

**5.     USE OF CONFIDENTIAL MATERIAL.**  No Confidential Material will be produced, disclosed or otherwise utilized outside of this civil action.  Further, no Confidential Material shall be disseminated to or shared with any organization or entity that regularly maintains and/or disseminates documents or information regarding documents, including abstracts or summaries, or any other records or recordings as a service to its members, subscribers or others, or the representative of such an organization or entity.

This Consent Order of Confidentiality shall have no effect on the admissibility or discoverability of any documents or any other form of information, except as expressly set forth herein.  The parties do not agree that any information or documentation produced pursuant to this Order is, in fact, confidential.

Furthermore, nothing herein shall affect or limit a party's ability or authority to its own Confidential Material for business, commercial, or other purposes, in its own discretion.

      **6.**    **COURT RECORDS.**  In the event that any Confidential Material is in any way disclosed in any pleading, motion, deposition transcript, videotape, exhibit, photograph, or other material filed with any court, the Confidential Material shall be filed in an attached sealed separate envelope containing the style of the case marked "Confidential Material Protected by Court Order," dated kept under seal by the clerk of that court until further court order.  Such Confidential Material shall, however, remain available to the personnel authorized by the court and to authorized persons.  Where practicable, only the confidential portions of pleadings filed with the court will be filed in a separate sealed envelope.  If any Confidential Material is furnished to any court by any party, a duplicate copy with the discrete Confidential Material deleted may be substituted in the public record, if appropriate.

      **7. DEPOSITIONS.**  If Confidential Material is used or referred to during depositions, counsel for the party or Zurich claiming that the information is confidential may serve a copy of this Consent Order of Confidentiality upon the deponent (and his or her attorney), the court reporter, and the camera operator, and require that each sign the Promise of Confidentiality (Exhibit A) prior to further

questioning. Documents designated as "Confidential" or "Attorney's shall not be disclosed to the witness then testifying except in strict conformity with the provisions of this Order. Any person not authorized under this Order to receive Confidential Material shall be excluded from the room during the deposition.

Counsel for the party or Zurich claiming that the information is confidential may state on the record at the deposition that the deposition includes information claimed to be Confidential Material. Within a reasonable time, but in no event later than thirty days after receipt of the completed deposition transcript, Counsel making such claim may then specifically designate, by page and line, the portions of the deposition for which the claim of confidentiality is made, and give written notice of this designation to the court reporter and all parties. If the claim of confidentiality is made at the time of the deposition, the deposition and all exhibits shall be treated in their entirety as Confidential Material until such time as the designation of Confidential Material is provided to the Court Reporter and to all parties or Zurich. If Zurich receives written notice of the use of such Confidential Material, and fails to make such designation within thirty days of receipt of the deposition transcript, the claim of confidentiality shall be waived.

8. **TRIAL.** If, at the time of trial, a party intends to introduce into evidence any information designated by Zurich as "Confidential" or Eyes Only," the introducing party shall give notice of that intention to the Court

and Zurich. At such time, the parties and the Court shall confer to determine the manner in which such material is to be utilized and/or introduced into evidence during trial.

9. **JURISDICTION.** The terms of this Order shall survive any final disposition of this case. This Court shall retain jurisdiction indefinitely with respect to enforcement of and/or any dispute regarding the improper use of Confidential Material, to modify the terms of this Order, or to enter further Orders regarding Confidential Material, as may be necessary.

10. **NO PRIVATE CAUSE OF ACTION.** This Consent Order of Confidentiality shall not create any private cause of action.

11. **NO WAIVER.** The production of Confidential Material pursuant to this Order is not intended to constitute a waiver of any privilege or right to claim the trade secret or confidential status of the documents, materials or information produced.

Inadvertent production of documents that are subject to a legally cognizable privilege or objection shall be without prejudice to Zurich. In the event of such inadvertent production, Zurich may "claw-back" the subject documents information by providing written notice and identifying the document(s) with the appropriate designation to counsel for the receiving party within twenty (20) days after the date that the document(s) was originally produced. The receiving party

must respond within ten (10) days by returning the designated document(s) to Zurich.

The production of a document copied to an attorney shall not, in and of itself, constitute a waiver of the attorney-client privilege or work product protection. The production of a document or categories of documents also shall not be a basis for arguing that Zurich has waived its right to object to the relevance, breadth, or scope of the discovery requests of the requesting party, nor shall such production be a basis for requiring the production of other documents or information.

**12.    RETURN OF DOCUMENTS.** At the conclusion of this litigation, every person who has received documents, material or information pursuant to this Consent Order of Confidentiality for use in this litigation shall return all such confidential documents, together with any and all copies thereof, to counsel, or in lieu thereof, the information may be destroyed. Upon request, counsel for each requesting party shall certify in writing to counsel for Zurich that the obligations under this Order have been satisfied to the best of their ability.

SO ORDERED by the Court this 15th day of March, 2010.

*s/  Hugh Lawson*
Hugh Lawson, Judge
United States District Court

This Order agreed to by:

/s Jefferson M. Allen
Jefferson M. Allen, Esq.
Georgia Bar No. 010898
**COHEN COOPER ESTEP & ALLEN, LLC**
3350 Riverwood Parkway, Suite 2220
Atlanta, Georgia  30339
*Attorneys for Plaintiff*


/s Harold D. Whiteman
Harold D. Whiteman, Esq.
Georgia Bar No. 755750
**DENNIS, CORRY, PORTER & SMITH, L.L.P.**
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, Georgia 30305
*Attorneys for Plaintiff*

/s Mary Morris
Mary Morris, Esq.
Florida Bar No. 55573
**MORRIS & MORRIS, P.A.**
Suite 800 West Tower
West Palm Beach, Florida  33401
*Attorneys for Defendant*
(adm. *pro hac vice*)

## **PROMISE OF CONFIDENTIALITY**

      I hereby acknowledge and affirm that I have read the terms and conditions of the attached Consent Order of Confidentiality.  I understand the terms of the Order and consent to be bound by the terms of the Order as a condition to being provided access to any Confidential Material furnished by any of the parties in the above-referenced action.  Further, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Order.

      THIS THE ____ DAY OF _____, 2010.

      _____
      Name

      _____
      Firm

      _____
      Address

      _____
      City

      _____
      State/Zip Code

      _____
      Telephone Number