# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **CONE FINANCIAL GROUP, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**EMPLOYERS INSURANCE COMPANY OF WAUSAU,**<br><br>Defendant. | Civil Action: 7:09-CV-118 (HL) |

## ORDER

Defendant, Employer's Insurance Company of Wausau, has filed a motion under Georgia Rule of Professional Conduct 1.9 to disqualify Plaintiff's co-counsel, Harold W. Whiteman Jr., from appearing in this case. For the reasons discussed herein, the Court grants Defendant's Motion to Disqualify Counsel. (Doc. 34).

**I.    FACTS**

Defendant issued a Worker's Compensation and Employer's Liability Policy to Plaintiff, Cone Financial Group, Inc., which provided that Defendant "would serve as the claims administrator and would provide [the necessary personnel, including attorneys] to defend, adjust and/or administer workers compensation claims filed by Plaintiff's employees under the policy." (Doc. 1-2, p. 2). The policy was issued on or about November 30, 2001 and expired on November 30, 2002. Id.

Plaintiff's employee Michelle Lancaster filed a worker's compensation claim relating to an injury she suffered on November 29, 2002. (Doc. 34-2, Ex. 1). An attorney employee of Defendant was initially tasked to handle the Lancaster claim.

In July 2006, Plaintiff advised Defendant that it wished to retain independent counsel to handle the Lancaster file, and retained Whiteman. (Doc. 35, p. 3).While Defendant initially objected to Whiteman's retention, as Defendant took the position that it had the sole and exclusive right to select counsel for Plaintiff, on October 10, 2006, Defendant advised Plaintiff that "[it would] permit [Plaintiff] to select its own counsel and control its defense in this matter." Id. at p. 4. Over the next year, Whiteman repeatedly communicated with Defendant's employees regarding settlement values, issues, and plans for defense of the Lancaster claim. (Doc. 36). The claim was settled on July 12, 2007, with Whiteman signing the settlement agreement as "Attorney for Employer/Insurer." (Doc 34-2, Ex. 1).

Plaintiff filed the complaint now before the Court on September 29, 2009, claiming damages due to Defendant's failure to "properly manage and administer the worker's compensation claims filed by Plaintiff's employees under the policy." (Doc. 1-2). Plaintiff, who has retained Whiteman as counsel in this matter, "will assert [at trial] that Lancaster['s claim] was mishandled by [Defendant] until [Whiteman] was hired to bring it to a conclusion." (Doc. 34-3, Ex. 2). Defendant has now moved the Court for an order disqualifying Whiteman as counsel for Plaintiff in light of his previous work on the Lancaster file.

## II. ANALYSIS

### A. Standing

The Court must first decide whether Defendant's counsel has standing to bring the present motion. Bernocchi v. Forcucci, 279 Ga. 460, 463, 614 S.E.2d 775, 779

2

(2005); Ga. Rules of Prof'l Conduct R. 1.7, cmt. 15. For an attorney to have standing to raise the issue of an opposing lawyer having a conflict of interest, "there must be a violation of the rules which is sufficiently severe to call in question the fair and efficient administration of justice." Bernocchi, 279 Ga. at 463. The Court finds that defense counsel has satisfied this requirement.

### B. Georgia Rule of Professional Conduct 1.9

Defendant contends that Whiteman should be disqualified pursuant to Georgia Rule of Professional Conduct 1.9, which provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation." Determining "whether to disqualify an attorney is a two-step process: (1) was there a previous attorney-client relationship and, if so, (2) did that relationship involve a matter substantially related to the current proceeding?" Jones v. InfoCure Corp., No. 1:01CV2845, 2003 WL 22149656 at *2 (N.D.Ga. May 13, 2003).

With regard to the first prong, Plaintiff claims the existence of an attorney-client relationship between Whiteman and Defendant to be "unproven by facts or law." (Doc. 35). Plaintiff cites Guillebeau v. Jenkins to support its position. 182 Ga. App. 225, 230, 355 S.E.2d 453, 457 (1987). There, the court found that "the record is devoid of evidence from which the existence of [an attorney-client] relationship could be found." Defendant argues, however, that Whiteman's signing the Lancaster

3

settlement agreement as "Attorney for Employer/Insurer" evidences the existence of an attorney-client relationship between Whiteman and Defendant. The Court finds Defendant's argument persuasive.

With regard to the second prong, two cases are "substantially related" when the "subject matter in the latter case [arises] out of the subject matter of the prior case." Carragher v. Harman, 220 Ga. App. 690, 691, 469 S.E.2d 443, 445 (1996). Here, Plaintiff's announced case strategy includes arguing that Whiteman remedied Defendant's alleged mishandling of the Lancaster claim. (Doc. 34-3, Ex. 2). As the subject matter of Plaintiff's complaint includes Whiteman's past representation of Defendant, the two cases are substantially related. In arguing against the substantial relation of the two cases, Plaintiff points out that the earlier case dealt with settling a worker's compensation claim and the instant case deals with Defendant's alleged breach of an insurance contract. (Doc. 35). This distinction, however, does not bear upon whether the subject matter of the instant case arises out of the previous case, which is the relevant test. Carragher, 220 Ga. App. at 691.

The Court finds that both prongs of the disqualification test have been met, and concludes that continued representation of Plaintiff would be a violation of Georgia Rule of Professional Conduct 1.9, which protects against conflicts of interest between current and former clients.

C. Other Factors

The presence of a conflict alone does not necessarily require that the attorney be disqualified. The Court approaches a disqualification motion with caution.

4

Worldspan, L.P. v. Sabre Group Holdings, Inc., 5 F.Supp.2d 1356, 1361 (N.D.Ga. 1998); Glover v. Libman, 578 F.Supp. 748, 761 (N.D.Ga. 1983). Thus, when determining whether disqualification is appropriate, the court should also consider: (1) whether the conflict might affect the pending litigation; (2) at what stage of the litigation the disqualification issue was raised; (3) the appearance of impropriety; (4) whether other counsel can handle the matter; (5) and the costs of disqualification. Worldspan, 5 F.Supp.2d at 1361-62.

Considering the first factor, given the claims at issue in this case, Defendant will likely have to depose Whiteman and call him as a witness at trial. Such an event would complicate this case and affect the pending litigation. In addition, the case may be affected as issues may arise with regard to potential use of confidential information by Whiteman.

Considering the second factor, Plaintiff claims that Defendant's Motion should be denied because Defendant "unreasonably delayed bringing the matter to the attention of the court." (Doc. 35). In Head v. CSX Transp., Inc., 259 Ga. App. 396, 398, 577 S.E.2d 12,14 (2003), however, the court considered a motion to disqualify counsel "reasonably prompt" when a case had been in discovery for less than a year (four months) after filing and "no prejudice result[ed] from cost or delay." Plaintiff's argument that the "reasonable promptness standard is not based upon knowledge of a party's counsel – it is based upon knowledge of the party" (Doc. 35, pg. 12), lacks citation to authority. Therefore, as Defendant's Motion to Disqualify was filed

5

less than a year after removal of the case to this Court, and during the discovery phase of the case, the Court finds the Motion timely.

Considering the third factor, Defendant's argument that requiring Whiteman to perform the dual functions of advocate and witness would "confuse the jury and create an appearance of impropriety," has support in Georgia case law. *See* Malley Motors, Inc. v. Davis, 183 Ga. App. 599, 600, 359 S.E.2d 394, 396 (1987) ("Counsel should not have been permitted to act in both the role of a witness and the role of the plaintiff's counsel in the case.")

Considering the fourth factor, the Court sees no reason why new counsel cannot enter the case and provide Plaintiff with competent and effective representation without undue delay. This case is still in discovery and no trial date has been set.

Finally, considering the fifth factor, the Court finds that the costs of disqualification are less than the costs which will be incurred by not disqualifying Whiteman. Plaintiff claims that if the Court were to disqualify Whiteman, it would be severely prejudiced in having to retain replacement counsel with potentially only weeks remaining in discovery while the parties are actively conducting depositions. (Doc. 35, p. 12). However, when considering the course of events preceding this disqualification motion's filing, Plaintiff appears to have had ample opportunity to avoid these problems. Defendant brought the conflict issue to Whiteman's attention in April of 2010, (Doc. 34-3, Ex. 2), within a month of its claimed date of discovering the conflict. (Doc. 34). Whiteman's reply, that "he had not received any confidential

6

information of Wausau's," (Doc. 35, p. 10), did little to resolve the issue: when an attorney has represented a party in a substantially related matter, the attorney "is charged with the virtually unrebuttable presumption that he has received confidential information." Cox v. Am. Cast Iron Pipe Co., 847 F.2d 725, 728 (11th Cir. 1988). In reply, Defendant informed Whiteman that his argument did not dispose of the conflict issue and expressed willingness to "manage the conflict" without moving for Whiteman's disqualification. (Doc. 36-2, Ex. 3A). Defendant allowed a month to pass without further reply from Whiteman before moving for his disqualification. (Doc. 34, Ex. 3). A movant's raising the disqualification issue prior to moving has been found to weigh in favor of disqualification. Adkins v. Hosp. Auth. of Houston County, Georgia, No. 5:04-CV-80, 2009 WL 3428788 at *13 (M.D.Ga. Oct. 20, 2009).

## III. CONCLUSION

For the reasons discussed herein, Defendant's Motion to Disqualify Harold W. Whiteman Jr. from acting as counsel in this case is granted. This disqualification imputes to all lawyers associated in a firm with Mr. Whiteman.

**SO ORDERED**, this the 11th day of August, 2010.

                        *s/ Hugh Lawson*
                        **HUGH LAWSON, SENIOR JUDGE**

wef/mbh