**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **CONE FINANCIAL GROUP, INC.,** Plaintiff, v. **EMPLOYERS INSURANCE COMPANY OF WAUSAU,** Defendant. | Civil Action: 7:09-CV-118 (HL) |

**ORDER**

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (Doc. 23) and Amended Motion for Judgment on the Pleadings (Doc. 24). For the following reasons, the Court grants the Motions, and dismisses Count I of Plaintiff's complaint.

**I.    BACKGROUND**

On or about November 30, 2001, Defendant issued a Workers Compensation and Employer's Liability Policy to Plaintiff. The policy, which was in effect from November 30, 2001 through November 30, 2002, is known as a "Large Deductible Policy." The policy provided that indemnity costs and expenses for individual claims up to $250,000 would remain the responsibility of Plaintiff. Under the policy, Defendant had the right and duty to defend at Defendant's expense any claim, proceeding or suit against Plaintiff for benefits payable by the insurance. Defendant also had the right to investigate and settle any claims, proceedings or suits. Defendant was to serve as the claims administrator, and would provide adjusters,

medical providers, and attorneys as necessary to defend, adjust, or administer workers' compensation claims filed by Plaintiff's employees. According to Plaintiff's complaint, from November 1, 2001 to October 31, 2002, forty individual workers' compensation claims were filed and administered by Defendant. Plaintiff states that none of the claims approached the $250,000 large deductible limit, and all claims and associated costs were paid with funds belonging to Plaintiff.

Count I of Plaintiff's complaint is for breach of contract. Plaintiff alleges that Defendant was required, based on either an implied duty arising from the insurance contract or an independent fiduciary duty, to act for the benefit of and in the best interest of Plaintiff as Defendant administered workers' compensation claims under the policy. Plaintiff alleges that Defendant failed to perform its obligations or breached its duties under the policy by failing to properly investigate claims, by failing to properly monitor claims, by failing to properly monitor and supervise the work of attorneys assigned to the claims, and by placing Defendant's financial interests above those of Plaintiff.

Defendant has moved for judgment on the pleadings on Count I. Defendant contends that Georgia substantive law does not recognize Plaintiff's breach of contract claim based on either an implied or fiduciary duty.[1]

---

[1] As this is a diversity case, state substantive law applies. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822 (1938). To determine which state's substantive law applies, courts use the choice of law rules of the forum state, which in this case is Georgia. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021 (1941). In determining which state's law applies in contracts cases, Georgia courts follow the doctrine of *lex loci contractus*, which provides that contracts "are to be governed as to their nature, validity, and interpretation by the law of the place

## II. ANALYSIS

"Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002) (citation omitted). "If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." Id. (citation omitted).

### A. Implied Duty

Plaintiff contends that Defendant breached its implied duty to act for the benefit of and in the best interest of Plaintiff. Georgia law provides that:

> Every contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement. The implied covenant modifies and becomes a part of the provisions of the contract, but the covenant cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability.

Onbrand Media v. Codex Consulting, Inc., 301 Ga. App. 141, 147, 687 S.E.2d 168, 174 (2009).

---

where they were made, except when it appears from the contract itself that it is to be performed in a State other than that in which it was made, in which case . . . the laws of that sister State will be applied." Convergys Corp. v. Keener, 276 Ga. 808, 811 n. 1, 582 S.E.2d 84, 86 n.1 (2003) (citation omitted). Here, the insurance contract was entered into in Georgia, and it does not appear from the policy that the contract was to be performed in another state. Georgia law applies to this case.

3

The law is clear that there exists no independent cause of action for breach of good faith and fair dealing outside of a claim for breach of contract. Id.; Morrell v. Wellstar Health Sys., 280 Ga. App. 1, 5(2), 633 S.E.2d 68 (2006). Here, Plaintiff does not allege in Count I that Defendant breached an express term of the policy. Instead, Plaintiff alleges general allegations of breach of the implied duty of good faith and fair dealing which are not tied to a specific contract provision. Under Georgia law, such allegations are not actionable. *See* American Casual Dining, L.P. v. Moe's Southwest Grill, LLC, 426 F.Supp.2d 1356, 1370 (N.D.Ga. 2006). Defendant is entitled to judgment on the pleadings in connection with Plaintiff's claim of breach of implied duty under Count I of the complaint.

**B.    Fiduciary Duty**

Plaintiff also contends in Count I that Defendant breached its fiduciary duty to Plaintiff under the insurance contract. Defendant argues in response that insurers in Georgia do not owe fiduciary duties to their insureds.

Georgia courts have repeatedly held that the insurer-insured relationship does not itself impose fiduciary responsibilities upon the insurer. *See* Nash v. Oh. Nat. Life Ins. Co., 266 Ga. App. 416, 422, 597 S.E.2d 512, 518 (2004); Walsh v. Campbell, 130 Ga. App. 194, 198, 202 S.E.2d 657, 661 (1973). The relationship is instead governed by the insurance contract. The only time Georgia courts allow an insured to bring an action for breach of fiduciary duties against his insurer is when there are allegations of the violation of the insurer's fiduciary duties of good faith when defending or settling a third-party tort claim on behalf of the insured. *See e.g.,*

4

Thomas v. Atlanta Cas. Co., 253 Ga. App. 199, 203, 558 S.E.2d 432, 438 (2001). Those circumstances are not before the Court. Plaintiff's breach of contract claim based on an alleged fiduciary duty must be dismissed since the action cannot stand under Georgia law.

III. CONCLUSION

For the reasons discussed above, Defendant's Motion for Judgment on the Pleadings (Doc. 23) and Amended Motion for Judgment on the Pleadings as to Count I (Doc. 24) are granted. Count I of Plaintiff's complaint is dismissed.

SO ORDERED, this the 13th day of August, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

kl