**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **CONE FINANCIAL GROUP, INC.,**<br><br>      Plaintiff,<br><br>v.<br><br>**EMPLOYERS INSURANCE COMPANY OF WAUSAU,**<br><br>      Defendant. | Civil Action: 7:09-CV-118 (HL) |

**ORDER**

Plaintiff's Motion for Leave of Court to File Second Supplemental and Amended Complaint (Doc. 56) and Motion for Extension of Time to Complete Discovery (Doc. 41) are before the Court. Also pending is Defendant's Motion for Judgment on the Pleadings as to Counts II and III. (Doc. 49).

**I.   FACTS AND PROCEDURAL HISTORY**

The background of this case has been outlined in a number of previously filed pleadings and orders. Defendant was Plaintiff's workers' compensation insurer from about November 30, 2001 until November 30, 2002. The policy which was in effect during this period is known as a "Large Deductible Policy" (the "Policy"). The Policy provided that Plaintiff was responsible for costs and expenses of individual claims up to $250,000, and Defendant had the right and duty to defend any claim, proceeding, or suit against Plaintiff for benefits payable by the insurance. Defendant was to serve as the claims administrator, and would provide adjusters, medical providers, and attorneys as necessary to defend, adjust, and/or administer workers'

compensation claims filed by Plaintiff's employees. According to Plaintiff's original complaint, during the policy period 40 individual workers' compensation claims were filed and administered by Defendant. Plaintiff states that none of the claims ever approached the $250,000 large deductible limit and all claims and associated costs were paid with funds belonging to Plaintiff.

Count I of Plaintiff's original complaint was for breach of contract. Plaintiff alleged that Defendant was required, based on either an implied duty arising from the insurance contract or an independent fiduciary duty, to act for the benefit of and in the best interests of Plaintiff as Defendant administered workers' compensation claims under the Policy. On August 13, 2010, this Court granted Defendant's Motion for Judgment on the Pleadings (Doc. 23) and Amended Motion for Judgment on the Pleadings as to Count I (Doc. 24) because the Court found that there was no independent cause of action for breach of good faith and fair dealing, and the insurer-insured relationship does not itself impose fiduciary responsibilities upon the insurer. (Doc. 47).

Plaintiff has moved for leave to file a second supplemental and amended complaint. In the Motion, Plaintiff seeks leave of court to amend its complaint pursuant to Rules 15(a)(2) and 15(d) of the Federal Rules of Civil Procedure. Plaintiff seeks to assert the following claims related to Defendant's claims administration activities: Count I - Bad Faith/Negligent Claims Handling; Count II - Breach of Fiduciary Duty/Improper Claims Handling; Count III - Breach of Contract/Improper Billing; Count IV- Breach of Contract/Refusal to Remit SITF Funds; Count V - Breach

2

of Fiduciary Duty/Refusal to Remit Refund from SITF; Count VI - Money Had and Received; and Count VII - Conversion. Counts VI and VII are alternatives to Count III.

Plaintiff seeks leave to file this second amended and supplemental complaint for two reasons. First, Plaintiff alleges that it recently discovered that Defendant received a reimbursement of $120,120.10 from the Georgia Subsequent Injury Trust Fund ("SITF"), related to the reimbursement of costs paid by Plaintiff on a self-insured workers' compensation claim. Plaintiff contends that it is entitled to that money, but Defendant has refused to give it to Plaintiff. Thus, Plaintiff wishes to state additional claims relating to the reimbursement. Second, because of the Court's dismissal of Count I of Plaintiff's original complaint, Plaintiff seeks leave to recast other claims related to Plaintiff's allegation that Defendant's actions in settling and administering worker's compensation claims damaged Plaintiff.

Defendant has filed a response to Plaintiff's Motion, in which it states that the claims in the proposed complaint fail to state a claim upon which relief may be granted, and consequently, granting leave to amend would be futile. (Doc. 62).

## II. ANALYSIS

### A. Plaintiff's Motion of Leave of Court to File Second Supplemental and Amended Complaint

Plaintiff has moved to amend its complaint under Rules 15(a)(2) and 15(d). Rule 15(a)(2) provides that leave to amend shall be granted when justice so requires. However, a denial of a party's leave to amend is warranted when the

proposed amendment is futile. Wilmore v. Arnold, No. 5:08-cv-261, 2009 WL 2413113, at *1 (M.D. Ga. Aug. 4, 2009). An amendment is futile when the amendment's factual allegations are insufficient to withstand a Rule 12(b)(6) motion to dismiss. Id.

Rule 15(d) provides, in part, as follows: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Nevertheless, new claims may only be added pursuant to Rule 15(d) if the claims are adequately related to the originally stated claims. Klos v. Haskell, 835 F. Supp. 710, 715 (W.D.N.Y. 1993), *aff'd* 48 F.3d 81 (2nd Cir. 1995).

### 1. Bad Faith / Negligent Claims Handling (Count I)

Plaintiff contends that Defendant owed a duty to Plaintiff to manage, disburse, and account for Plaintiff's money, and to act for the benefit of and in the best interests of Plaintiff, its insured. Defendant argues that Plaintiff's allegation of duty is unsustainable.

Plaintiff is attempting to revive the claim it brought as Count I of its original complaint. While Plaintiff cites to case law which states that an insurance company owes an independent duty to its insured, the facts giving rise to such a duty are not before this Court. The cases cited by Plaintiff all involve third party tort claims; here, there is no similar claim. For the reasons stated in the Court's Order on Defendant's Motion for Judgment on the Pleadings and Amended Motion for Judgment on the

Pleadings (Doc. 47), Plaintiff's Motion for Leave to File Second Supplemental and Amended Complaint as to Count I – Bad Faith/Negligent Claims Handling – is denied.

### 2. Breach of Fiduciary Duty / Improper Claims Handling (Count II)

Plaintiff contends that Defendant was an agent of Plaintiff and owed a fiduciary duty to Plaintiff. Plaintiff alleges that because of the fiduciary relationship, Defendant was required to manage, disburse, and account for Plaintiff's money and to act for the benefit of and in the best interest of Plaintiff as Defendant administered workers' compensation claims.

In previously dismissing the breach of contract claim based on an alleged fiduciary relationship contained in the original complaint, the Court stated that "Georgia courts have repeatedly held that the insurer-insured relationship does not itself impose fiduciary responsibilities upon the insurer." (Doc. 47). Although Plaintiff has now recast its claim for breach of fiduciary duty in tort instead of contract, Plaintiff's claim still cannot stand under Georgia law. "The only time Georgia courts allow an insured to bring an action for breach of fiduciary duties against his insurer is when there are allegations of the violation of the insurer's fiduciary duties of good faith when defending or settling a third-party tort claim on behalf of the insured." (Doc. 47). Because these circumstances are not before this Court, the claim in proposed Count II would be futile. Therefore, Plaintiff's Motion for Leave to File

Second Supplemental and Amended Complaint as to Count II – Breach of Fiduciary Duty/Improper Claims Handling – is denied.

### 3. Breach of Contract / Improper Billing (Count III)

A document called the Workforce Personnel Services Workers' Compensation Paid Deductible Plan ("Large Deductible Plan") describes certain terms and conditions of the Policy related to claims administration procedures. Plaintiff claims that Defendant breached the Large Deductible Plan by charging Plaintiff at a higher rate than that presented to and accepted by Plaintiff. Specifically, Plaintiff contends that Defendant's monthly invoices for claims administration services under the Policy have charged Plaintiff a fee of 19.5%, rather than the 10% administration fee to which the parties agreed. Defendant states that the Large Deductible Plan did not constitute a valid contract because the parties never agreed to the essential terms, shown by the fact the alleged contract contains two options, handwritten notations, and strikeouts. Plaintiff does not contend that the Large Deductible Plan was a contract; rather, its position is that the document is evidence of the terms and conditions of the parties' agreement, which along with oral testimony and other evidence, forms the enforceable agreement between the parties.

Under Georgia law, a valid contract requires: competent contracting parties; consideration; assent of the parties to the terms; and a subject matter on which the contract can operate. O.C.G.A. § 13-3-1. When a contract is unambiguous, parol evidence is inadmissible to add to, take from, vary, or contradict the terms of a written contract. Jordan v. Tri Count AG, Inc., 248 Ga. App. 661, 663, 546 S.E.2d

528, 531 (2001). However, parol evidence is admissible to complete the agreement of the parties "[i]f the writing appears on its face to be an incomplete contract and if the parol evidence offered is consistent with and not contradictory of the terms of the written instrument." Id.

While the Large Deductible Plan cannot be construed to be a contract because the terms of the Plan are unclear, the document is evidence of the parties' agreement. Consequently, Plaintiff could use this written instrument along with other consistent parol evidence, if any exists, to show that there was an enforceable agreement between the parties. Thus, proposed Count III does not fail to state a claim as a matter of law. Accordingly, Plaintiff's Motion for Leave to File Second Supplemental and Amended Complaint as to Count III – Breach of Contract/Improper Billing – is granted.

  **4.**   **Breach of Contract / Refusal to Remit SITF Funds and Breach of Fiduciary Duty / Refusal to Remit Refund from SITF (Counts IV and V)**

Plaintiff contends that one of Defendant's contractual duties as claims administrator for Plaintiff was to evaluate whether individual claims filed by Plaintiff's employees qualified for reimbursement from SITF. According to Plaintiff's proposed amended complaint, Defendant received a refund from SITF related to costs paid on one of Plaintiff's self-insured workers' compensation claims. Plaintiff believes it is entitled to that money, but Defendant has refused to give it to Plaintiff. Thus, Plaintiff claims that Defendant breached the parties' agreement, making Plaintiff entitled to damages.

7

Defendant was not contractually obligated to evaluate whether claims may qualify for SITF reimbursement. The Policy provides that Defendant, as insurer, is contractually obligated to administer the workers' compensation claims of Plaintiff's injured employees. It does not impose on Defendant the obligation to administer these claims pursuant to any express standards or instructions. Instead, the Policy vests in Defendant the right to investigate and settle claims, proceedings, and suits. Plaintiff cannot point to a specific contract term that has been breached that is the cause of harm. Therefore, Count IV – Breach of Contract/ Refusal to Remit SITF Funds – fails to state a claim on which relief may be granted, and Plaintiff's Motion for Leave to File Second Supplemental and Amended Complaint as to Count IV is denied.

Plaintiff also alleges that the failure to remit the SITF funds to Plaintiff is a breach of Defendant's fiduciary duty to Plaintiff as its claims administration agent. Plaintiff characterizes Defendant as a "claims administrator" rather than an insurer. Despite this characterization, the Defendant was the Plaintiff's insurer, and as previously discussed, the Plaintiff cannot bring an action for breach of fiduciary duties against its insurer under the facts of this case. Further, as shown by the invoice attached to the proposed second amended complaint as Exhibit C, the money allegedly owed to Plaintiff has been credited to Plaintiff's account. Plaintiff has pointed the Court to no obligation on Defendant's part to pay that money directly to Plaintiff rather than credit it against Plaintiff's account, especially as all of the claims filed under the Policy have not been finalized according to Defendant, which

means the parties' obligations to each other are not finalized. Therefore, Plaintiff's Motion for Leave to File Second Supplemental and Amended Complaint as to Count V – Breach of Fiduciary Duty/Refusal to Remit Refund from SITF – is denied.

### 5. Money Had and Received and Conversion (Counts VI and VII)

Count VI – Money Had and Received – and Count VII – Conversion – are alternatives to Count III - Breach of Contract/Improper Billing. Because the Court has granted Plaintiff's Motion to Amend as to Count III, the Court need not consider the merits of Counts VI and VII, and the Motion to Amend to add those two counts is denied as moot.

### B. Defendant's Motion for Judgment on the Pleadings as to Counts II and III

In light of the Court's decision to allow Plaintiff to amend its complaint as discussed above, Defendant's Motion for Judgment on the Pleadings as to Counts II and III (Doc. 49) is denied as moot.

### C. Plaintiff's Motion for Extension of Time to Complete Discovery

Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 41) is granted. The new deadlines are as follows:

1. The deadline for the completion of discovery is December 27, 2010.

2. All dispositive motions must be filed on or before January 26, 2011.

3. Motions to amend the pleadings shall be filed not later than January 11, 2011.

4. Plaintiff's expert witnesses shall be designated by November 19, 2010.

Defendant's expert witnesses shall be designated by December 3, 2010. If a defendant designates an expert that Plaintiff has not previously designated as an expert, Plaintiff shall have 10 days from the designation of Defendant's expert to designate a rebuttal expert witness. The designation of an expert witness must be accompanied by a written report prepared and signed by the expert in accordance with Rule 26(a)(2)(B). Any designated expert witness must be available to be deposed during the discovery period.

### III. CONCLUSION

In view of the forgoing, the Court grants, in part, and denies, in part, Plaintiff's Motion for Leave to File Second Supplemental and Amended Complaint. (Doc 56). The only count remaining for further consideration in this case is Count III – Breach of Contract/Improper Billing. Defendant's Motion for Judgment on the Pleadings as to Counts II and III (Doc. 49) is denied as moot. Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 41) is granted.

**SO ORDERED**, this the 4th day of November, 2010.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

wcj