**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| CONE FINANCIAL GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> EMPLOYERS INSURANCE COMPANY OF WAUSAU, <br><br> Defendant. | Civil Action: 7:09-CV-118 (HL) |

**ORDER**

This case is before the Court on Plaintiff's Motion to Strike and/or Disregard Affidavit of Philip J. Heinecke Filed in Support of Defendant's Motion for Summary Judgment (Doc. 88); Defendant's Motion for Summary Judgment as to Count III of Plaintiff's Second Amended Complaint (Doc. 79); and Plaintiff's oral motion for leave to file a motion for reconsideration of the Court's previous orders disallowing Plaintiff's claim for breach of fiduciary duty against Defendant.

**I.    Plaintiff's Motion to Disregard[1]**

The only claim remaining in this case is a breach of contract claim. Plaintiff contends that Defendant improperly charged it a claims handling or administration fee of 19.5%, when Plaintiff only agreed to pay a 10% fee. On February 4, 2011, Defendant filed a Motion for Summary Judgment, seeking judgment in its favor on

---

[1] While Plaintiff's motion is one to strike and/or disregard, the Court will only consider it as a motion to disregard. An affidavit in support of a motion for summary judgment is not a pleading subject to striking under Fed. R. Civ. P. 12(f).

the breach of contract count. Attached to the Motion was the Affidavit of Philip J. Heinecke (the "Affidavit" of "Heinecke Affidavit").

Mr. Heinecke is employed by Liberty Mutual as a Senior Underwriter.[2] In the Affidavit, Mr. Heinecke states that the disputed 9.5% fee was actually an assessment charged to Plaintiff for contributions Defendant was required to make to the Georgia Subsequent Injury Trust Fund. Defendant relies on the Heinecke Affidavit to argue that there was no breach of contract because Defendant only charged the agreed upon 10% claims handling fee, and the remaining 9.5% charge was a mandated assessment that Defendant was legally obligated to collect and remit to the State of Georgia. The Heinecke Affidavit is the only evidence in the record regarding the Subsequent Injury Trust Fund and the 9.5% assessment for the Fund.

Plaintiff has moved the Court under Federal Rule of Civil Procedure 37(c)(1) to disregard the Heinecke Affidavit because Defendant did not identify Mr. Heinecke as a witness in its initial disclosures or in its responses to Plaintiff's interrogatories.

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be

---

[2]Defendant does business with Liberty Mutual Business Market as Liberty Mutual Middle Market. In 1999, Liberty acquired certain assets of Defendant, and as a result Liberty Mutual thereafter administered Defendant's workers' compensation programs.

2

solely for impeachment." Defendant did not disclose Mr. Heinecke in its initial disclosures.

In its Interrogatory No. 2, Plaintiff requested that Defendant identify all persons with knowledge regarding any of the facts alleged in Plaintiff's complaint, all persons with knowledge of any defenses to the complaint asserted by Defendant, all persons with knowledge regarding the insurance policy issued to Plaintiff, and all persons with knowledge of Defendant's claim administration activities pursuant to the policy. Defendant did not identify Mr. Heinecke in response to Interrogatory No. 2.

A party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory must supplement its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, or if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Defendant never updated its initial disclosures or interrogatory responses to disclose Mr. Heinecke.

Rule 37(c)(1) states that if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."

Defendant argues that it was not required to disclose Mr. Heinecke's identity in its initial disclosures because Mr. Heinecke did not have discoverable information relating to Defendant's claims or defenses. Defendant similarly states that Mr.

Heinecke was not identified in response to Interrogatory No. 2 because he is not a person who has knowledge of any of Defendant's defenses. Instead, Defendant contends that the Heinecke Affidavit was submitted to explain the Subsequent Injury Trust Fund, and its application to this case, to the Court and Plaintiff, which, according to Defendant, does not relate to any factual or legal infirmities in Plaintiff's remaining cause of action.

The Court disagrees with Defendant's assertion that it was not required to identify Mr. Heinecke in its Rule 26 disclosures or discovery responses. The Court finds that the Heinecke Affidavit does more than just explain the Subsequent Injury Trust Fund - it also attempts to establish a defense to Plaintiff's breach of contract claim. Further, the interrogatory was not restricted to identifying those persons with knowledge of Defendant's defenses. It also asked for those persons with knowledge regarding facts alleged in Plaintiff's complaint. In its initial complaint, Plaintiff alleged that Defendant submitted invoices for claim service fees "that improperly calculate the fee based upon a multiplier of 1.195 rather than the agreed upon multiplier of 1.1 (*i.e.* 19.5% rather than 10%)," and that Defendant has billed and collected in excess of $275,000 in claims service fees, most of which "have been based upon a 1.195 multiplier that is not and was not part of the parties' agreement." (Compl., ¶¶ 14-15; Doc. 1-1). Based on the information provided in the Affidavit, Mr. Heinecke clearly falls into the category of persons with knowledge regarding facts alleged in the complaint, as he directly testifies about the 10% versus 19.5% issue and purports

4

provide an explanation as to why Plaintiff is incorrect in its belief that it was charged at 19.5% claims handling fee.

As Defendant failed to identify Mr. Heinecke in its disclosures or interrogatory responses, the Court will disregard the Affidavit in connection with Defendant's Motion for Summary Judgment. Further, Mr. Heinecke will not be permitted to testify to the matters contained in the Affidavit at the trial of this case. Plaintiff's Motion to Disregard Affidavit of Philip J. Heinecke (Doc. 88) is granted.[3]

## B. Defendant's Motion for Summary Judgment

As noted above, the only evidence in the record about the Subsequent Injury Trust Fund assessment is the Heinecke Affidavit. As the Affidavit has been disregarded by the Court in its entirety, Defendant's Motion for Summary Judgment must be denied. It is Defendant's burden to show that the evidence on file shows the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986) (internal quotation marks omitted). Without the Heinecke Affidavit, there is no evidence in the record to support Defendant's position that there was no breach of contract.

Defendant's Motion for Summary Judgment (Doc. 79) is denied.

---

[3]Any issues relating to documents that have not been produced by Defendant will be dealt with at the pretrial conference, assuming Defendant intends to use them as exhibits at the trial of this case.

### C. Plaintiff's Oral Motion for Leave to File

Plaintiff moved during oral argument for leave to file a motion for reconsideration on the Court's previous orders dismissing Plaintiff's breach of fiduciary duty claims. The oral Motion for Leave to File is denied.

### D. Conclusion

Plaintiff's Motion to Disregard Affidavit of Philip J. Heinecke Filed in Support of Defendant's Motion for Summary Judgment (Doc. 88) is granted. Defendant's Motion for Summary Judgment as to Count III of Plaintiff's Second Amended Complaint (Doc. 79) is denied. Plaintiff's oral motion for leave to file a motion for reconsideration is denied.

This case is set for trial on July 18, 2011 in Valdosta. The pretrial conference will be held on July 6, 2011 in Valdosta. Separate notice regarding the pretrial conference will be sent out in the near future.

**SO ORDERED**, this the 17th day of May, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh